

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | CASE NO. 1:08-CR-34 |
| | § § | |
| JOSEPH MARVIN DAVIS | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On February 19, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, on **Count 1** of the charging **Indictment** filed in this cause. Count 1 of the Indictment charges that on or January 24, 2008, in the Eastern District of Texas, Joseph Marvin Davis, Defendant herein, having been convicted of a crime punishable

by imprisonment for a term exceeding one year[1], did knowingly possess in and affecting interstate and foreign commerce, a firearm and ammunition, to wit: one (1) IMI (Israel Military Industries) Desert Eagle, .50 caliber pistol, bearing serial number 95254772, one (1) Ruger .22 caliber pistol bearing serial number 13-35502, one (1) Hi-Point Model JHP, .45 caliber pistol, bearing serial number X468378, three (3) rounds of Speer, .50 caliber ammunition, and nine (9) rounds of Remington, .45 caliber ammunition, in violation of Tile 18, United States Code, Section 922(g)(1).

Defendant, Joseph Marvin Davis, entered a plea of guilty to Count 1 of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

    c.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the

---

[1] The Indictment alleges several prior felony convictions. The Court will not re-list those specific cases herein, but refers to the Indictment and the Factual Basis.

plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

        d.        That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 922(g)(1).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. The Government and the Defendant agreed that if this case were to proceed to trial, the Government would prove that Defendant is one and the same person charged in the Superseding Indictment and that the events described in Indictment occurred in the Eastern District of Texas. The Government would also prove each essential element of the charged offense beyond a reasonable doubt through the testimony of witnesses, including expert witnesses, and through admissible exhibits.

Specifically, the Government would prove that law enforcement officers with the Chambers County Narcotics Task Force (CCNTF) and Montgomery County Special Investigations Unit, including Investigator Rick Davis, would testify that on January 24, 2008, following preliminary investigation, a state search warrant was executed at the residence of Defendant Joseph Marvin Davis for controlled substances and related items of evidence. As

CCNTF officers entered the front of the residence, Defendant Davis fled from the rear of the residence, but was apprehended nearby. The search of the residence revealed the following firearms and ammunition: one (1) IMI (Israel Military Industries) Desert Eagle, .50 caliber pistol, bearing serial number 95254772, one (1) Ruger .22 caliber pistol bearing serial number 13-35502, one (1) Hi-Point Model JHP, .45 caliber pistol, bearing serial number X468378, three (3) rounds of Speer, .50 caliber ammunition, and nine (9) rounds of Remington, .45 caliber ammunition.

Additionally, an officer located at least 59.15 grams of crystal-like substance containing methamphetamine (as confirmed by laboratory analysis), surveillance equipment, two cell phones, drug paraphernalia (including syringes, a large number of baggies, glass smoking pipes, small measuring scales, several measuring scoops, and a calculator), as well as various pills and capsules and $13,730 in United States currency. These officers and other witnesses would also testify that Davis was at that time, a convicted felon.

Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Joel Jauregui, Jr. would testify that he is qualified as an expert in the field of determining the interstate/foreign nexus of firearms and ammunition, and, based on his examination of the firearms and ammunition in this case, each were manufactured outside the state of Texas and within another state or outside the or outside the United States and within a foreign country, and therefore had traveled in interstate or foreign commerce as defined by statute.

Jefferson County Forensic Investigator Jane Hollier, qualified in the examination and rendering of an expert opinion regarding fingerprint comparison, together with other witnesses,

4

would demonstrate that Davis has been previously convicted of the following felony offenses: Burglary of a Motor Vehicle with Intent to Commit Theft, a felony, in Cause Number(s) 460105, 460106, and 460107, in the 262nd District Court, Harris County, Texas (judgment(s) dated on or about January 9, 1987; probation revoked on or about May 31, 1989), Burglary of a Motor Vehicle with Intent to Commit Theft, a felony, in Cause Number 528897, in the 262nd District Court, Harris County, Texas (judgment dated on or about May 31, 1989), Theft [Value Over $1,500 and less than $20,000], a felony, in Cause Number 903166, in the 178th District Court, Harris County, Texas (judgment dated on or about November 11, 2002), Theft-Third Offender, a felony, in Cause Number 976727, in the 338th District Court, Harris County, Texas (judgment dated on or about April 6, 2004), and Burglary–Bodily Injury, a felony, in Cause Number 1022269, in the 178th District Court, Harris County, Texas (judgment dated on or about January 18, 2006).

Defendant, Joseph Marvin Davis, agreed with the facts set forth by the Government and signed the *Factual Basis*. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential

elements of the offense charged in **Count 1** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[2] Accordingly, it is further recommended that, Defendant, Joseph Marvin Davis, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 922(g)(1).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon

---

[2]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

**OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 20th day of February, 2009.**

7

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE